# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

COURT FILE NO.: _____

| | |
|---|---|
| Stephen Pitts,<br><br>　　　　Plaintiff,<br>v.<br><br>Arrow Financial Services,<br><br>　　　　Defendant. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k (d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff personal and financial privacy by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Stephen Pitts is a natural person who resides in the City of Brockton, County of Plymouth, State of Massachusetts and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Arrow Financial Services is a collection agency operating from an address of 5996 West Touhy Avenue, Niles, Illinois 60714 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Sometime prior to 2009, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an accounts with CitiFinancial, account ending in 8814.

7. Sometime thereafter, both debts were consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

8. On or about April 13, 2009, The Mossler Law Firm, P.C. sent a letter of representation to Defendant. This letter notified Defendant that Plaintiff was represented by counsel on account ending in 8814 and instructed Defendant to cease communication with Plaintiff from that point forward.

9. On or about June 1, 2009, Defendant contacted Plaintiff by telephone and demanded payment of the debt.

10. The above-described collection communication made to Plaintiff by Defendant and other collection employees employed by Defendant was made in violation of the FDCPA, including but not limited to 1692d(6) and 1692c(a)(2).

11. The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was an invasion of Plaintiff privacy by an intrusion upon seclusion and resulted in actual damages to this Plaintiff.

12. This abusive collection communication by Defendant and its employees pushed Plaintiff to consider bankruptcy as a way out of this harassing conduct.

13. Defendant's illegal abusive collection communication as more fully described above was the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused unnecessary personal strain.

14. Plaintiff has suffered actual damages as a result of this illegal collection communication by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

15. The acts and omissions of Defendant and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

16. The acts and omissions by Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

17. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal.

18. Defendant is therefore liable to Plaintiff through the Doctrine of Respondent Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

**TRIAL BY JURY**

19. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

22. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

23. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

24. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **<u>Abusive debt collection practices contribute</u>** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **<u>to invasions of individual privacy</u>**.

15 U.S.C. § 1692(a) (emphasis added).

25. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

26. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

27. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and private concerns or affairs.

28. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

29. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## COUNT III

**VIOLATION OF MASSACHUSETTS STATUTE 93 S. 49, AND CONSUMER PROTECTION STATUTE M.G.L.c. 93A, §**

30. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

31. On or about April 13, 2009, The Mossler Law Firm, P.C. sent a letter of representation to Defendant. This letter notified Defendant that Plaintiff was represented by counsel on account ending in 8814 and instructed Defendant to cease communication with Plaintiff from that point forward.

32. On or about June 1, 2009, Defendant contacted Plaintiff by telephone and demanded payment of the debt.

33. The above-described collection communication made to Plaintiff by Defendant and other collection employees employed by Defendant was made in violation of the Massachusetts General Laws Chapter 93, Section 49 (b) ("M.G.L.c. 93, §49(b)").

34. Violation of Massachusetts General Laws Chapter 93, Section 49 (b) shall constitute an unfair and deceptive act or practice under the provisions of Massachusetts General Laws Chapter 93A, §9.

35. On April 22, 2010, Plaintiff, through counsel, sent Defendant a written demand for relief by sending Defendant a demand letter as required by M.G.L.c. 93A, §9.

36. Defendant has failed to respond to Plaintiff's demand letter. Defendant's failure to grant relief upon demand was in bad faith with reason to know that the acts complained of were in violation of M.G.L.c. 93, §49 (b).

37. Defendant's failure to grant relief was an unfair or deceptive act declared unlawful by M.G.L.c. 93A, §9 and by the regulations promulgated pursuant to M.G.L.c. 93A, §9.

38. As a result of Defendant's violation of M.G.L.c. 93, §49 (b), Plaintiff has suffered damages as provided by M.G.L.c. 93, §49(d), under the provisions of the Massachusetts Consumer Protection Act M.G.L.c. 93A, §9.

39. As a result of each and every Defendant's violations of the Massachusetts Consumer Protection Act M.G.L.c. 93A, pursuant to M.G.L.c. 93A , § 9 (3), Plaintiff is entitled to actual damages, or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation, or that the refusal to grant relief upon demand was made in bad faith with knowledge or

reason to know that the act or practice complained of violated said M.G.L.c. 93A , § 2, from the Defendant.

40. Plaintiff is entitled to double or treble damages, attorneys' fees and costs, as provided by M.G.L.c. 93A, §9 (3a) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant as follows:

31. On Count 1:
   a) for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;
   b) for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k (a) (2) (A) against Defendant.
   c) for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

32. On Count 2:
   a) for an award of actual damages from each and every Defendant for the emotional distress suffered by Plaintiff as a result of the intentional and/or negligent invasions of privacy in an amount to be determined at trial; and
   b) for such other and further relief as may be just and proper.

33. On Count 3:
   a) for an award of actual damages from each and every Defendant for violation of M.G.L.c. 93, §49 and M.G.L.c. 93A, §9;

b) for an award of up to three but not less than two times the amount of actual damages pursuant to costs of litigation and reasonable attorney's fees pursuant to M.G.L.c. 93A, §9, against Defendant and for Plaintiff.

c) for an award of costs of litigation and reasonable attorney's fees pursuant to M.G.L.c. 93A, §9, against Defendant and for Plaintiff.

Respectfully submitted,

Dated: May 28, 2010     **/s/** Jocelyn A. Thomsen